**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| YUSUF STEELE,<br><br>Petitioner,<br><br>v.<br><br>HONORABLE JUDGE PEDRO J. JIMENEZ, JR.,<br><br>Respondent. | Civil Action No. 21-10603 (MAS)<br><br>**OPINION** |

### SHIPP, District Judge

This matter comes before the Court on Petitioner Yusuf Steele's petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 challenging his ongoing state court criminal proceedings. (ECF No. 1.) Also before the Court is Petitioner's application to proceed *in forma pauperis*. (ECF No. 1-1.) As Petitioner has shown an entitlement to proceed *in forma pauperis*, that application is granted. This Court is therefore required to screen Petitioner's habeas petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases, applicable to § 2241 through Rule 1(b), and determine whether it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." For the reasons set forth below, this Court will dismiss the petition without prejudice and deny Petitioner a certificate of appealability.

## I. BACKGROUND

Petitioner is a state pre-trial detainee currently held in the Middlesex Adult Correctional Center on state criminal charges. (ECF No. 1 at 2.)[1] Petitioner asserts that he has filed numerous pro se motions challenging various orders of the state trial court which he contends violated his constitutional and state statutory rights to a speedy trial. (*Id.* at 2-7.) Petitioner apparently attempted to appeal the trial judge's speedy trial related decisions, but was either denied leave to appeal on an interlocutory basis, did not receive a response, or had his documents forwarded to his assigned counsel without being filed. (*Id.* at 3-10, 13.) Petitioner therefore requests that this Court take jurisdiction over his pending state court criminal proceedings and dismiss his charges. (*Id.* at 12.)

## II. LEGAL STANDARD

Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he."is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989). Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, applicable to Section 2241 petitions through Rule 1(b), this Court is required to preliminarily review a petitioner's habeas petition and determine whether it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Pursuant to this rule, a district court is "authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland v. Scott*, 512 U.S. 849, 856 (1994).

---

[1] All of the page numbers used in reference to Petitioner's habeas petition refer to the ECF page numbers provided by the Clerk of the Court.

2

## III. DISCUSSION

In this matter, Petitioner seeks to litigate his speedy trial and related challenges in this Court without first completing his state court criminal proceedings. Section 2241 "authorizes a federal court to issue a writ of habeas corpus to any pretrial detainee who 'is in custody in violation of the Constitution or laws or treaties of the United States,'" including state pre-trial detainees. *Duran v. Thomas*, 393 F. App'x 3, 4 (3d Cir. 2010) (quoting *Moore v. DeYoung*, 515 F.2d 437, 442 n. 5 (3d Cir. 1975)). "Nevertheless, that jurisdiction must be exercised sparingly in order to prevent in the ordinary circumstance 'pre-trial habeas interference by federal courts in the normal functioning of state criminal processes.'" *Id.* (quoting *Moore*, 515 F.2d at 445-46). Section 2241 may therefore not be used "to litigate constitutional defenses prematurely in federal court." *Id.* (quoting *Moore*, 515 F.2d at 445). The Third Circuit has therefore held that while federal courts may have jurisdiction to hear habeas challenges brought by state pre-trial detainees, "that jurisdiction without exhaustion should not be exercised at the pre-trial stage unless extraordinary circumstances are present." *Moore*, 515 F.2d at 443. In the absence of extraordinary circumstances, which do not include the premature litigation of defenses including those such as the right to a speedy trial, "the district court should exercise its 'pre-trial' habeas jurisdiction only if [the] petitioner makes a special showing of the need for such adjudication and has exhausted state remedies" by presenting his claim to the highest state court. *Id.* A petitioner's claim will not be considered exhausted where it was presented only "in a procedural context in which its merits will not be considered." *Castille v. Peoples*, 489 U.S. 346, 351 (1989).

In this matter, Petitioner seeks to prematurely litigate his speedy trial rights in this Court before concluding his criminal proceedings before the state courts. Although Petitioner appears to believe that he has exhausted his claims in his petition in his unsuccessful attempts to file an interlocutory appeal, he directly states that he was denied leave to appeal on an interlocutory basis

3

or that his filings were otherwise returned to him unfiled or forwarded to his appointed attorney so that his attorney could determine the wisdom of proceeding on those filings. It thus fully appears that Petitioner's claims were only presented to the appellate courts "in a procedural context in which [their] merits [would] not be considered," and that his claims are thus unexhausted at this time. *Castille*, 489 U.S. at 351; *see also Moore*, 515 F.2d at 444-45 (denial of request for leave to appeal on an interlocutory basis does not qualify as exhaustion). As petitioner's claims appear to be unexhausted, as alleged speedy trial claims are not exceptional circumstances sufficient to warrant pre-trial habeas jurisdiction, *see Moore*, 515 F.2d at 449, and as a state pre-trial detainee may not use a § 2241 petition to prematurely litigate his defenses in federal court prior to the conclusion of his criminal proceedings, this Court must decline to consider his current habeas petition, and his petition will therefore be dismissed without prejudice.

## IV. CERTIFICATE OF APPEALABILITY

Because Petitioner's habeas challenges his detention which "arises out of process issued by a State court," he may not appeal the dismissal of his habeas petition unless granted a certificate of appealability. 28 U.S.C. § 2253(c)(1)(A); *see also Magano v. New Jersey*, No. 08-758, 2008 WL 2345584, at *4 n. 3 (D.N.J. June 3, 2008). In a habeas proceeding, a certificate of appealability may only be issued "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional

4

right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Because jurists of reason could not disagree with this Court's decision to dismiss Petitioner's petition for failure to exhaust or show exceptional circumstances, Petitioner's petition is inadequate to deserve encouragement to proceed further at this time, and this Court will deny Petitioner a certificate of appealability.

## V.  CONCLUSION

For the reasons expressed above, Petitioner's application to proceed *in forma pauperis* in this matter (ECF No. 1-1) is **GRANTED**, Petitioner's habeas petition is **DISMISSED WITHOUT PREJUDICE**, and Petitioner is **DENIED** a certificate of appealability. An order consistent with this Opinion will be entered.

MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE